QUESTION: Does that part of Ch. 76-155, Laws of Florida, amending s. 166.041(3)(a), F. S., to require that a proposed ordinance "at least 7 days prior to adoption, be noticed once in a newspaper of general circulation in the municipality," affect in any way that part of the recently revised charter of the City of St. Petersburg Beach (effective July 30, 1976), which provides that a proposed ordinance "shall, at least 14 days prior to adoption, be noticed once in a newspaper of general circulation in that city"?
SUMMARY: That part of Ch. 76-155, Laws of Florida, which amends s.166.041(3)(a), F. S., to reduce the notice requirement for a proposed ordinance from "at least 14 days" to "at least 7 days prior to adoption," does not affect in any way the requirement contained in the recently revised charter of the City of St. Petersburg Beach (effective July 30, 1976) that a proposed ordinance be given the prescribed notice "at least 14 days prior to adoption." Section 166.041(3)(a), F. S., formerly provided in part that a proposed municipal ordinance "shall, at least 14 days prior to adoption, be noticed once in a newspaper of general circulation in the municipality." (Emphasis supplied.) However, Ch. 76-155, Laws of Florida, which took effect upon becoming a law June 16, 1976, amended s. 166.041(3)(a) so as to, inter alia, reduce the notice requirement for a proposed ordinance from "at least 14" to "at least 7 days prior to adoption." (Emphasis supplied.) You inquire as to how this amendment affects the requirement in the recently revised charter of the City of St. Petersburg Beach, which became effective July 30, 1976, that notice of a proposed ordinance be given "at least 14 days prior to adoption." (Emphasis supplied.) As stated in AGO 074-371, s.166.041, F. S., enacted by Ch. 73- 129, Laws of Florida, the Municipal Home Rule Powers Act, establishes a uniform procedure for the adoption of municipal ordinances and resolutions which is applicable to, and cannot be lessened or reduced by, any municipality in the state. However, it was also stated that s.166.041(6) authorizes a municipality, by future ordinance or charter amendment, to specify additional requirements for the adoption or enactment of ordinances or resolutions or prescribe procedures in greater detail than contained in s. 166.041. Thus, it was concluded in AGO 074-371 that the city council of the City of Miramar was authorized by s. 166.041(6) to adopt by ordinance or charter amendment "additional, more stringent requirements than those established by s. 166.041." Cf. AGO 075-173. Likewise, in the instant situation, I am of the opinion that when the revised charter of the City of St. Petersburg Beach became effective on July 30, 1976, that city was authorized by s. 166.041(6), F. S., to adopt a charter amendment establishing additional, more stringent requirements for the adoption of ordinances than those contained in s. 166.041(3)(a), F. S., as amended by Ch. 76-155, Laws of Florida. And, since the minimum notice requirement for proposed ordinances in the revised charter of the City of St. Petersburg Beach — 14 days — is more stringent than the minimum notice requirement contained in s. 166.041(3)(a), as amended by Ch. 76-155 — 7 days — I am of the opinion that the charter requirement is valid and of continuing effect.